IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Sorptive Minerals Institute,<br><br>    Petitioner<br><br>    v.<br><br>Mine Safety and Health Administration; Julie A. Su, Acting Secretary of Labor, United States Department of Labor,<br><br>    Respondents | No. 24-1889 |

## MSHA's Motion for Reconsideration and Vacatur of the Order Granting Motion for Voluntary Dismissal

The Mine Safety and Health Administration and Secretary of Labor (collectively, MSHA) seek reconsideration and vacatur of the June 25, 2024 order granting Sorptive Minerals Institute's (SMI's) motion to voluntarily dismiss its petition for review. See Fed. R. App. P. 27(d); Eighth Cir. R. 27A(d). The motion did not accurately characterize MSHA's position and was granted by the clerk before MSHA had an opportunity to respond. The motion also failed to mention the statutory requirements (28 U.S.C. 2112) that govern this case, so the order granting it was based on an incomplete—and incorrect—understanding of the law.

**Background**

On April 18, 2024, MSHA published in the *Federal Register* a final rule titled *Lowering Miners' Exposure to Respirable Crystalline Silica and Improving Respiratory Protection*, 89 Fed. Reg. 28,218 (Apr. 18, 2024) ("Silica Rule"). It establishes new mandatory safety and health standards "to better protect miners against occupational exposure to respirable crystalline silica, a significant health hazard, and to improve respiratory protection for miners from exposure to airborne contaminants." *Id.* at 28,218. Petitions for review of that rule were due 60 days later, on June 17, 2024. See 30 U.S.C. 811(d).

On April 29, 2024, SMI filed a petition for review of that rule in this Court. ECF No. 5388294 (8th Cir. Apr. 29, 2024). SMI was the only party to file a petition for review within 10 days of the rule's issuance, and was the first party to file, so that filing triggered the first-filed provisions of Section 2112, the statute governing review of agency actions. See 28 U.S.C. 2112(a)(1).

The Court set a briefing schedule. On June 5, SMI filed a motion to suspend the briefing schedule. SMI argued that Section 2112's venue-selection process governed this litigation; that the time for filing petitions for review had not yet expired; and that it would be efficient to suspend briefing until that time had expired, so that any other petitions for review could be transferred to this Court and consolidated with this case. See Mot. to Suspend Briefing Schedule, ECF No. 5400784 (8th Cir. June 5, 2024) ¶ 4 ("Pursuant to 28 U.S.C. §2112, upon the expiration of the deadline to file

2

petitions, any other petitions filed in other circuits must be transferred to this Circuit. All such petitions may then be consolidated and a coordinated briefing schedule established."), ¶ 6 ("If other petitions for review are filed, they will need to be consolidated with this case. If filed in another circuit, they will need to be first transferred to this Circuit and then consolidated."), ¶ 7 ("brief suspension of the briefing schedule is in order to allow other parties the opportunity to file petitions, the cases to be transferred and/or consolidated with this case, and the parties an opportunity to confer and propose a joint briefing schedule to address any overlapping issues to be briefed."). The Court granted that motion. Ord., ECF No. 5401606 (8th Cir. June 7, 2024).

Then, on June 12, other mining-industry groups filed a petition for review of the same rule in the Fifth Circuit. See *Nat'l Stone, Sand, and Gravel Ass'n* v. *MSHA*, No. 24-60306 Document 1-2 (5th Cir. June 12, 2024). Two days later, more than six weeks after filing its petition in the Eighth Circuit, SMI filed another petition for review of this same rule in the Fifth Circuit. It was docketed with the other Fifth Circuit petition. See *Nat'l Stone, Sand, and Gravel Ass'n* v. *MSHA*, No. 24-60306 Document 3-2 (5th Cir. June 14, 2024).

On June 18, as required by the statute, MSHA filed the certified index to the administrative record in this Court. ECF No. 5404702 (8th Cir. June 18, 2024); see 28 U.S.C. 2112(a)(1) ("If within ten days after the issuance of the order the agency, board, commission, or officer concerned receives, from the

3

persons instituting the proceedings, the petition for review with respect to proceedings in only one court of appeals, the agency, board, commission, or officer shall file the record in that court notwithstanding the institution in any other court of appeals of proceedings for review of that order."). Later that day, consistent with the process required by the statute and SMI's motion for abeyance, MSHA filed in the Fifth Circuit a motion to transfer the petitions for review to this Court. *Nat'l Stone, Sand, and Gravel Ass'n* v. *MSHA*, No. 24-60306 Document 9 (5th Cir. June 18, 2024); see 28 U.S.C. 2112(a)(5) ("All courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed pursuant to this subsection, shall transfer those proceedings to the court in which the record is so filed.").[1] Shortly after that, MSHA filed in this Court a motion for abeyance pending the Fifth Circuit's resolution of that motion. ECF No. 5404702 (8th Cir. June 18, 2024). SMI supported that motion. The Court granted it on June 20.

Then, on June 21, SMI filed a motion for voluntary dismissal of its petition for review in this Court, in an apparent bid to move its case to the Fifth Circuit. It argued, incorrectly, that "no significant litigation activity has occurred in this case, including that the administrative record had not been filed" and that courts of appeals have discretion to grant motions for voluntary dismissal, among other things. Mot. 2-4. It represented that the

---

[1] The Fifth Circuit has not yet ruled on the motion to transfer.

4

Secretary did not take a position on the motion. Mot. 4. It did not mention Section 2112, the statute that governs petitions for review of agency actions (and thus, this case).

SMI filed an amended motion for voluntary dismissal on June 24. It was largely the same, except that it omitted the argument that the administrative record had not been filed. Amended Mot. 3. On June 25—just one day after the amended motion was filed and a week before the expiration of the time for MSHA to respond—the clerk granted the motion. See Eighth Cir. R. 27A(a)(21).

**Argument**

**1. The Court should reconsider the order granting the motion for voluntary dismissal.**

MSHA respectfully requests that the Court reconsider the order granting the motion for voluntary dismissal. See Fed. R. App. P. 27(d); Eighth Cir. R. 27A(d). SMI's motion did not accurately represent MSHA's position on the motion, and the motion was granted before MSHA had an opportunity to file a response. Additionally, SMI's motion omits any discussion of the statutory requirements that control this case.

First, in its motion for voluntary dismissal, SMI represented that MSHA did not take a position on the motion. This was inaccurate. Counsel for MSHA had explained, by phone, to counsel for SMI that MSHA would need to see the motion before taking a position on it. MSHA saw the motion when SMI filed it, on June 21. Counsel for MSHA and counsel for SMI

discussed the misunderstanding of MSHA's position in SMI's June 21 and June 24 filings; indeed, only about an hour before the clerk's order granting the motion, counsel were discussing over email how best to file a clarification on this point. The clerk's order was issued before either party had an opportunity to do so.

Second, SMI's motion omits discussion of the statute that governs petitions for review of agency action (28 U.S.C. 2112). As explained below, those statutory provisions require denying SMI's motion for voluntary dismissal.

Third, because the order gives no rationale, it is not clear whether the order was based in part on SMI's inaccurate argument that the administrative record had not yet been filed, which was contained in SMI's initial motion, Mot. at 3 n.2, but removed in the amended motion.

In sum, the order was based on an inaccurate understanding of the parties' positions and failed to address controlling law (perhaps because SMI's motion did not discuss the controlling law), and it was issued before MSHA had an opportunity to respond. The Court should reconsider the order. See Eighth Cir. R. 27A(a) ("If any party opposes the action requested in any of the above matters [including voluntary dismissals] or seeks reconsideration of an order entered under this section, the clerk must submit the matter for a ruling by a judge of this court.").

## 2. The Court should vacate the order granting SMI's motion for voluntary dismissal and deny the motion.

Motions for voluntary dismissal must be denied where, as here, they conflict with statutory requirements governing the litigation, see *Sacramento Mun. Util. Dist.* v. *FERC*, 683 F.3d 769, 770 (7th Cir. 2012) (denying a motion to transfer on those grounds), or if they are filed "merely to seek a more favorable forum." *Tillman* v. *BNSF Ry. Co.*, 33 F.4th 1024, 1029 (8th Cir. 2022). Because SMI's motion seeks to improperly circumvent Section 2112's requirements, the order granting it should be vacated, and the motion should be denied.

### 2.1. Section 2112 controls this case, and it requires the case to proceed before this Court.

SMI's motion should have been denied because the statute governing petitions for review of agency action—not a general principle of voluntary dismissal—controls this case, and the statute requires the case to proceed before this Court.

In "recognizing that those aggrieved by a single agency action may petition for review in different courts of appeals, Congress established rules, codified at 28 U.S.C. § 2112(a), to consolidate such proceedings in a single court." *Remington Lodging & Hosp., LLC* v. *NLRB*, 747 F.3d 903, 904 (D.C. Cir. 2014). Section 2112(a) establishes "mechanical rule[s]," *Nat'l Parks Conservation Ass'n* v. *United States Env'tl Prot. Agency*, 991 F.3d 681, 684 (5th Cir. 2021), that govern even if it seems that they "make litigants 'turn square

corners.'" *Remington Lodging*, 747 F.3d at 905 (quoting *Rock Island, Arkansas & Louisiana Railroad Co.* v. *United States*, 254 U.S. 141, 143 (1920)).

In a case like this—where only one petition for review of an agency order was filed within 10 days of its issuance—Section 2112 requires the agency to file the administrative record with the court of appeals where the petition for review was filed. 28 U.S.C. 2112(a)(1). MSHA did that. ECF No. 5404702 (8th Cir. June 18, 2024). Section 2112 requires all other courts where petitions for review are filed to transfer those petitions to the court in which the record was filed. 28 U.S.C. 2112(a)(5). When all petitions for review are before the court of appeals where the record was first filed, that court determines the appropriate venue. *Ibid*.

These rules are the rules: parties cannot litigate around them. See, *e.g.*, *Wynnewood Ref. Co., L.L.C.* v. *Occupational Safety & Health Rev. Comm'n*, 933 F.3d 499, 501 (5th Cir. 2019) ("an agency cannot subvert the congressional directive to file the record in the circuit where a party first appealed," and the "rule Congress adopted requires that the appeal of this [agency] ruling be heard in the circuit where the first appeal was filed"); *Sacramento Mun. Utility Dist.*, 683 F.3d at 1771 (denying a motion to transfer because transfer would conflict with the procedure established in Section 2112); *Superior Indus. Int'l, Inc.* v. *N.L.R.B.*, 865 F.2d 1, 2 (1st Cir. 1988) (granting a motion to transfer because Section 2112(a) required it, and rejecting an argument that the court could exercise its "inherent power of courts of appeals to transfer or not transfer a case to another circuit"). This statute binds the

corners.'" *Remington Lodging*, 747 F.3d at 905 (quoting *Rock Island, Arkansas & Louisiana Railroad Co.* v. *United States*, 254 U.S. 141, 143 (1920)).

In a case like this—where only one petition for review of an agency order was filed within 10 days of its issuance—Section 2112 requires the agency to file the administrative record with the court of appeals where the petition for review was filed. 28 U.S.C. 2112(a)(1). MSHA did that. ECF No. 5404702 (8th Cir. June 18, 2024). Section 2112 requires all other courts where petitions for review are filed to transfer those petitions to the court in which the record was filed. 28 U.S.C. 2112(a)(5). When all petitions for review are before the court of appeals where the record was first filed, that court determines the appropriate venue. *Ibid*.

These rules are the rules: parties cannot litigate around them. See, *e.g.*, *Wynnewood Ref. Co., L.L.C.* v. *Occupational Safety & Health Rev. Comm'n*, 933 F.3d 499, 501 (5th Cir. 2019) ("an agency cannot subvert the congressional directive to file the record in the circuit where a party first appealed," and the "rule Congress adopted requires that the appeal of this [agency] ruling be heard in the circuit where the first appeal was filed"); *Sacramento Mun. Utility Dist.*, 683 F.3d at 1771 (denying a motion to transfer because transfer would conflict with the procedure established in Section 2112); *Superior Indus. Int'l, Inc.* v. *N.L.R.B.*, 865 F.2d 1, 2 (1st Cir. 1988) (granting a motion to transfer because Section 2112(a) required it, and rejecting an argument that the court could exercise its "inherent power of courts of appeals to transfer or not transfer a case to another circuit"). This statute binds the

courts of appeals, even if a party alleges that a different process or venue would be more convenient:

> a court's views of convenience (or of wise policy more generally) are poor grounds for disregarding a law. The [transfer] motion rests on an unarticulated belief that, despite a statute establishing rules of procedure, courts can do anything they think wise. Not at all; courts lack common-law authority to disregard legislation that sets rules for the conduct of litigation.

*Sacramento Mun. Utility Dist.*, 683 F.3d at 1771 (citing *United States* v. *Hasting*, 461 U.S. 499, 505-507 (1983) and *Bank of Nova Scotia* v. *United States*, 487 U.S. 250, 254-257 (1988)).

Indeed, in its own motion to suspend the briefing schedule, SMI conceded that Section 2112's forum-selection process—including its process for transfer of other petitions for review to this Court—controls this case. See Mot. to Suspend Briefing Schedule, ECF No. 5400784 (8th Cir. June 5, 2024) ¶¶ 4, 6, 7.

But in its motion for voluntary dismissal—filed nearly seven weeks after filing its initial petition in the Eighth Circuit, after initiating motions practice, and after MSHA filed the administrative record—SMI did not engage with, or even mention, this law. It did not cite any statute, rule, or decision that authorizes a court to voluntarily dismiss a petition for review where the Section 2112 process has begun and the agency has filed the record. The cases SMI cited indicate only that a court of appeals has the general authority to grant a voluntary motion to dismiss, not that a court is

9

authorized to do so under the current circumstances. In fact, none of the cases cited address Section 2112 or involve challenges to federal agency rules. See *Oppenheimer* v. *City of Madeira*, No. 22-3862, 2023 WL 7001675, at *1 (6th Cir. May 22, 2023) (unreported) (granting unopposed, voluntary motion to dismiss appeal in a First Amendment case); *Diaz* v. *Metro. Life Ins. Co.*, No. 23-1239, 2023 WL 5011935, at *1 (8th Cir. Mar. 10, 2023) (unreported) (granting unopposed, voluntary motion to dismiss appeal under Fed. R. App. P. 42(b)(2) in a disability-benefits case); *In re Univ. of Mich.*, 2020 U.S. App. LEXIS 12737 at *2 (6th Cir. Apr. 20, 2020) (granting a motion to voluntarily dismiss a petition for writ of mandamus when district court proceedings below "effectively mooted" the movant's request for relief); *Noatex Corp.* v. *King Constr. of Houston, L.L.C.*, 732 F.3d 479, 487 (5th Cir. 2013) (denying a motion for voluntary dismissal); *Credit Francais Int'l, S.A.* v. *Bio-Vita, Ltd.*, 78 F.3d 698, 705 (1st Cir. 1996) (granting a motion for voluntary dismissal related to cross-appeals in a breach-of-contract case); *American Auto Mfrs. Ass'n* v. *Mass. Dept. of Environmental Protection*, 31 F.3d 18, 22 (1st Cir. 1994) (granting voluntary motion to dismiss certain claims after they were decided by another court). Once the record was filed in this Court, Section 2112 requires all other petitions for review to be transferred here. 28 U.S.C. 2112(a)(5) ("All courts in which proceedings are instituted with respect to the same order, other than the

court in which the record is filed pursuant to this subsection, shall transfer those proceedings to the court in which the record is so filed.").

Lacking any statutory basis for its request, SMI instead argued that dismissal would allow this case "to proceed expeditiously" before the Fifth Circuit. Amended Mot. 3. There is no reason to believe that's true, but in any event that argument cannot overcome Section 2112's requirements. See *Sacramento Mun. Utility Dist.*, 683 F.3d at 1771. And even if there were questions about whether this Court is the appropriate venue (although SMI has not argued that there are),[2] this Court must decide those issues after the Fifth Circuit transfers the other petitions for review to this Court. *Nat'l Parks Conservation Ass'n*, 991 F.3d at 685 ("Should the D.C. Circuit conclude that venue in the first-filed petition for review is improper in its court under the [underlying substantive statute], then it will be free to transfer the proceeding to an appropriate venue" after the petitions for review are transferred to it); *Superior Indus.*, 865 F.2d at 2 ("Although the Company has questioned the validity of the first-filed petition for review [in a different

---

[2] SMI says that this case "does not include a co-party with a principal place of business in the Eighth Circuit," Amended Mot. 2 n.1, but whether there is a co-party with a principal place of business in the Eighth Circuit is irrelevant to the question of venue for SMI's petition. SMI is a trade association representing various member companies (see *About SMI*, Sorptive Minerals Institute, https://sorptive.org/about/) and has not argued the Eighth Circuit is an improper venue. And in any event, questions of proper venue, or of whether the petition for review is valid, are to be resolved by the Court where the record is filed. See *supra* p. 11.

court of appeals], it is for the court where the first petition was filed to assess its validity or invalidity, and to act accordingly" after the petitions are transferred to it) (citing *City of Gallup* v. *F.E.R.C.*, 702 F.2d 1116, 1124 (D.C. Cir. 1983), reh'g granted, 726 F.2d 772 (D.C. Cir. 1984)).

In short, Section 2112 requires denying SMI's motion for voluntary dismissal. The statute states that MSHA "shall file" the record in this Court and that the Fifth Circuit "shall transfer" the other petitions for review here. SMI has not identified any provision in section 2112(a), or any cases interpreting it, that authorize this Court to avoid those statutory provisions by voluntarily dismissing a petition for review at this stage in the litigation. This Court may determine later whether to transfer the case, see *infra* pp. 13-14, but dismissing it at this point was not authorized by the statute.

### 2.2. SMI's apparent desire to litigate its case in the Fifth Circuit is not sufficient to grant its motion.

Even if Section 2112 did not require denying SMI's motion, this Court's "settled rule is that a plaintiff seeking voluntary dismissal without prejudice must give a reason other than 'merely to seek a more favorable forum.'" *Tillman*, 33 F.4th at 1029. SMI's motion provides no reason other than its desire to proceed in the Fifth Circuit, so it should have been denied.

SMI had its choice of forum and chose this Court. The Federal Mine Safety and Health Act of 1977, 30 U.S.C. 811(d), and Section 2112(a) gave SMI the opportunity to choose where to file its petition for review. SMI chose this Court. SMI also took advantage of Section 2112's first-to-file rule

to ensure that this Court—its selected forum—was the ultimate forum that would hear all challenges to MSHA's Silica Rule: it was the first, and only, party to petition for review within 10 days of the Silica Rule's publication, and it ensured that the statute's receipt-from-the-party-seeking-review provision was satisfied. See MSHA's Mot. to Suspend Briefing, Attachment A, ECF No. 5404830 (email from SMI's counsel ensuring that MSHA received its petition for review); *Remington Lodging*, 747 F.3d at 905 (explaining that section 2112(a)(1)'s receipt-from-the-party-seeking-review provision must be satisfied for the ten-day rule, and subsequent transfer rules, to apply). SMI filed a motion to suspend the briefing schedule in this Court because under Section 2112(a), if "other petitions for review are filed . . . in another circuit, they will need to be first transferred to this Circuit and then consolidated." ECF No. 5400784 (8th Cir. June 5, 2023). In short, SMI took full advantage of its choice-of-forum options. SMI did not explain why it changed its mind, see generally Amended Mot., and that lack of explanation raises the inference that it simply prefers the Fifth Circuit. So even if Section 2112 did not require this case to be in this Court, SMI's preference for another forum was not grounds for granting its motion for voluntary dismissal. *Tillman*, 33 F.4th at 1029.

If SMI believes that the Fifth Circuit is the better forum for this case, it can make that argument in a motion under Section 2112(a)(5) once all petitions have been transferred to this Court. 28 U.S.C. 2112(a)(5) ("For the convenience of the parties in the interest of justice, the court in which the

13

record is filed may thereafter transfer all the proceedings with respect to that order to any other court of appeals."); see also, *e.g.*, *Eschelon Telecom, Inc.* v. *F.C.C.*, 345 F.3d 682, 682-683 (8th Cir. 2003) (granting a Section 2112(a)(5) motion to transfer petitions for review to the D.C. Circuit after all the petitions were transferred to this Court). But it cannot use a motion for voluntary dismissal to obtain a different forum.

**3. Relief**

The Court should vacate the June 25, 2024 order granting SMI's motion for voluntary dismissal and deny the motion. See Eighth Cir. R. 27A(d). It should also recall the mandate, which issued only because the motion was granted, and should otherwise hold this case in abeyance in accordance with its June 20 order.

Counsel for MSHA has conferred with counsel for SMI; SMI would like the opportunity allotted under the rules to respond.

                              Respectfully submitted,

                              SEEMA NANDA
                              Solicitor of Labor

                              APRIL E. NELSON
                              Associate Solicitor

                              s/ EMILY TOLER SCOTT
                              Counsel for Appellate Litigation
                              U.S. Department of Labor
                              Office of the Solicitor

Division of Mine Safety & Health
201 12th Street South, Suite 401
Arlington, VA 22202
(202) 693-9333

Attorneys for MSHA and the
Secretary of Labor

## Certificate of Compliance

This document complies with Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Equity using Microsoft Word.

This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 3,417 words.

s/ Emily Toler Scott

## Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on July 5, 2024, and registered users will be served via the CM/ECF system.

                                                    s/ Emily Toler Scott