UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Sorptive Minerals Institute, <br><br> Petitioner <br><br> *v.* <br><br> Mine Safety and Health Administration; Secretary of Labor, United States Department of Labor, <br><br> Respondents | No. 24-1889 |
| ----- | |
| National Stone, Sand & Gravel Association, et al., <br><br> Petitioner <br><br> *v.* <br><br> Mine Safety and Health Administration, et al. <br><br> Respondents | No. 24-2661 |

| | |
|---|---|
| Sorptive Minerals Institute and Blue Mountain Production Company,<br><br>        Petitioners<br><br>    *v.*<br><br>Mine Safety & Health Administration, et al.<br><br>        Respondents | No. 24-2663 |

## Secretary's Response to Petitioners' Motion for Stay Pending Judicial Review

This case is a challenge to the Mine Safety and Health Administration ("MSHA") final rule entitled "Lowering Miners' Exposure to Respirable Crystalline Silica and Improving Respiratory Protection," 89 Fed. Reg. 28,218 (Apr. 18, 2024) ("Silica Rule"). The Silica Rule became effective on June 17, 2024. The compliance date for the coal industry is April 14, 2025. The compliance date for metal nonmetal mines is April 8, 2026. The case is fully briefed (except for Petitioners' reply briefs), and the Court has identified this case for oral argument.

The Secretary has paused, on her own initiative, enforcement of the Silica Rule for coal operators for four months, until August 18, 2025. See Exhibit A (Notice to Stakeholders). Accordingly, the Secretary takes no position on Petitioners' Motion for Stay.

In addition, the Secretary does not object to holding this case in abeyance until the Secretary resumes enforcement on August 18, 2025.

## I. The Secretary's Voluntary Enforcement Pause

The Secretary is aware of various issues affecting enforcement of the Silica Rule. For example, the Silica Rule requires mine operators to update their respiratory protection programs and may result in operators obtaining additional respirators and sampling devices. MSHA also understands that recent unforeseen restructuring of the National Institute for Occupational Safety and Health (NIOSH) may affect NIOSH's Pittsburgh Mining Research Division, the National Personal Protective Technology Laboratory, and the supply of approved and certified respirators and personal dust monitors.[1] Under these unique circumstances, the Secretary exercised her

---

[1] For the Court's awareness, the Department of Health and Human Services was recently sued in the District Court for the Southern District of West Virginia regarding the recent restructuring of NIOSH. See *Harry Wiley* v. *Robert F. Kennedy* and *U.S. Department of Health and Human Services*, Civil

enforcement discretion to issue a four-month temporary pause to provide time for operators to secure necessary equipment and otherwise come into compliance.

## II. Secretary's Outreach to Petitioners and Stakeholders

Petitioners assert that the Secretary has not been responsive in this litigation. Motion for Stay at 2 ("Until recently, MSHA was unresponsive, and significant outreach with repeated contacts was necessary to obtain replies about routine case scheduling matters."); Emergency Motion at 3 ("Multiple attorneys representing MSHA have departed, leaving MSHA unresponsive, for stretches of time, to confer about even the simplest scheduling matters in the case.").

The Secretary disagrees with Petitioners' assertion that any part of DOL has been non-responsive. DOL has been responsive and collaborative with Petitioners in this litigation including on Petitioner's request for an extension of time to file their reply briefs. Petitioners and DOL have been in constant communication. Indeed, DOL advised Petitioners of the Secretary's

---

Action No. 2:25-cv-227 (filed Apr. 7, 2025). In *Wiley*, the Plaintiffs challenge HHS' recent restructuring of NIOSH as it relates to miner health and safety.

intended enforcement pause *before* Petitioners filed their Emergency Motion. Petitioners filed their Emergency Motion anyway.

### III. Holding Litigation in Abeyance

The Secretary does not object to placing this litigation in abeyance pending the Secretary's resumption of enforcement on August 18, 2025.

## CONCLUSION

The Secretary has exercised her enforcement discretion to pause enforcement of the Silica Rule for a short, defined period of time. Accordingly, the Secretary takes no position on a stay of the Silica Rule for the period of her own pause of enforcement.

The Secretary does not object to placing this litigation in abeyance pending the Secretary's resumption of enforcement on August 18, 2025.

Respectfully submitted,

JONATHAN L. SNARE
Acting Solicitor of Labor

THOMAS A. PAIGE
Acting Associate Solicitor

s/ MARCUS D. REED
Attorney
U.S. Department of Labor
Office of the Solicitor

Division of Mine Safety & Health
200 Constitution Avenue NW
Suite N4420-N4430
Washington, DC 20210
(202) 693-5486
(202) 693-9392 (fax)


Attorneys for MSHA and the
Secretary of Labor

## Certificate of Compliance

This document complies with Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Equity using Microsoft Word.

This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 580 words.

Counsel also certifies that this motion has been scanned for viruses and is virus-free.

                                        s/ Marcus D. Reed

# Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on April 9, 2025, and registered users will be served via the CM/ECF system.

Keith Bradley
Peter S. Gould
Kayala Marie Mendez
Morgan Miller
Trevor Piouz Kehrer
Squire Patton Boggs, LLP

Aaron R. Gelb
Kathryn M. McMahon
Mark M. Trapp
Conn Maciel Carey, LLP

                                            s/ Marcus D. Reed

**Notice to Stakeholders**
**Temporary Enforcement Pause: Silica Rule**

Issued: April 8, 2025

In an exercise of its enforcement discretion, the Mine Safety and Health Administration (MSHA), within the U.S. Department of Labor, announces a temporary enforcement pause of its final rule titled, "Lowering Miners' Exposure to Respirable Crystalline Silica and Improving Respiratory Protection," 89 Fed. Reg. 28,218 (Apr. 18, 2024) ("Silica Rule"). MSHA will temporarily pause enforcement of the requirements in 30 C.F.R. part 60 for coal mine operators until August 18, 2025, four months from the original compliance date of April 14, 2025.

Background:

The Silica Rule requires mine operators to update their respiratory protection programs and may result in operators obtaining additional respirators and sampling devices. MSHA understands that recent National Institute for Occupational Safety and Health (NIOSH) restructuring may impact the Pittsburgh Mining Research Division, the National Personal Protective Technology Laboratory, and the supply of approved and certified respirators and personal dust monitors. Given the unforeseen NIOSH restructuring, and other technical reasons, MSHA offers this four-month temporary pause to provide time for operators to secure necessary equipment and otherwise come into compliance. This pause will also provide MSHA time to assist mining industry compliance, e.g., help accredited laboratories gain proficiency in MSHA analytical methods.

Application:

For these technical reasons, MSHA will pause enforcement for coal mine operators, until August 18, 2025. MSHA will continue its regular enforcement activities on existing standards for respirable coal mine dust. This pause does not affect the compliance date of April 8, 2026, for metal and nonmetal mines.

Disclaimer:

This notice statement does not create or remove any rights or duties and does not affect any other aspect of MSHA or DOL regulations. This notice statement is not a final agency action, has no legally binding effect on persons or entities outside the federal government, and may be rescinded or modified in the Department's complete discretion. Accordingly, it is not intended to, does not, and may not be relied upon to, create any rights, substantive or procedural, enforceable at law by any party in any matter.