UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Sorptive Minerals Institute,

    Petitioner

    *v.*

Mine Safety and Health Administration; Secretary of Labor, United States Department of Labor,

    Respondents

No. 24-1889

-----

National Stone, Sand & Gravel Association, et al.,

    Petitioner

    *v.*

Mine Safety and Health Administration, et al.

    Respondents

No. 24-2661

| | |
|---|---|
| Sorptive Minerals Institute and Blue Mountain Production Company, | |
| Petitioners | |
| v. | No. 24-2663 |
| Mine Safety & Health Administration, et al. | |
| Respondents | |

**Secretary's Response to
United Mine Workers' and United Steel Workers'
Motion for Reconsideration**

On April 14, 2025, the United Mine Workers of America and the United Steel Workers ("Unions") filed a motion for leave to intervene. Joint Motion for Leave to Intervene, ECF No. 5506285 (8th Cir. Apr. 14, 2025) ("Unions' Motion to Intervene"). On April 24, 2025, the Secretary filed a response in opposition to the Unions' motion for leave to intervene. Secretary's Response to United Mine Workers' and United Steel Workers' Motion for Leave to Intervene, ECF No. 5510175 (8th Cir. April 24, 2025) ("Secretary's Opposition"). On April 30, 2025, the Court denied the Unions' motion for leave to intervene. Order Entered at the Direction of the Court, ECF No.

5511598 (8th Cir. April 30, 2025) ("Order Denying Intervention"). On May 14, 2025, the Unions filed a Joint Motion for Reconsideration. Proposed Intervenor Unions' Joint Motion for Reconsideration, ECF No. 5516785 (8th Cir. May 14, 2025) ("Unions' Motion for Reconsideration").

In this Circuit, a party seeking reconsideration must demonstrate "compelling circumstances" justifying reconsideration. *McCuen v. American Cas. Co. of Reading Pennsylvania*, 946 F.2d 1401, 1403-1404 (8th Cir. 1991). A party may meet this burden, and overcome the law of the case doctrine, by providing the Court with intervening controlling authority, establishing that the previous ruling was clearly erroneous, or establishing that the previous ruling would result in manifest injustice. *Liberty Mut. Ins. Co. v. Elgin Warehouse and Equipment*, 4 F.3d 567, 571 (8th Cir. 1993).

The Court's Order Denying Intervention is law of the case, and the Unions' Motion for Reconsideration does not meet any of the necessary elements to satisfy the legal standard of review. The Unions provide no "compelling circumstances" that justify reconsideration. The Unions point to no intervening controlling authority that has reached a contrary decision, and the Unions fail to establish that the Court's Order Denying Intervention

was clearly erroneous or is manifestly unjust. The Unions' Motion for Reconsideration, therefore, should be denied.

## I. The Law of the Case Doctrine in the Eighth Circuit

In the Eighth Circuit, a subsequent appeals panel should revisit the Court's Order Denying Intervention only with reluctance. See *Liberty Mut. Ins. Co.*, 4 F.3d at 571. A subsequent panel should not disturb a prior panel's decision unless intervening controlling authority has reached a contrary decision, or unless the prior panel decision was clearly erroneous and letting it stand would work a manifest injustice. *Id.* at 571; see also *McCuen*, 946 F.2d at 1403-1404.[1]

## II. The Unions Fail to Provide Reasons that Would Justify Reconsidering the Order Denying Intervention.

Here, the Unions have provided no "compelling circumstances" to warrant review of the Order Denying Intervention. *McCuen*, 946 F.2d at 1403-1404. The Unions have not cited any intervening controlling authority,

---

[1] Recently, the Eighth Circuit indicated a willingness for a hearings panel to reconsider a motions panel's denial of a motion to dismiss for lack of jurisdiction. See *Nordgren v. Hennepin County*, 96 F.4th 1072 (8th Cir. 2024). But the motion at issue here (a motion to intervene) does not concern the court's jurisdiction. *Hennepin County* did not change the general standard for reconsidering a prior ruling of the court in the same case, and in fact, cited *McCuen* favorably. *Hennepin County*, 96 F.4th at 1077.

or demonstrated that the Court's Order Denying Intervention was clearly erroneous and that letting it stand would result in manifest injustice. *Liberty Mut. Ins. Co.*, 4 F.3d at 571; *McCuen*, 946 F.2d at 1403-1404. Accordingly, the motion for consideration should be denied.

### A. The Unions Cite to No Intervening and Controlling Authority that Has Reached a Decision Contrary to this Court's Order Denying Intervention

In the Unions' Motion for Reconsideration, they cite to four cases that were not cited in their initial motion to intervene: *Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17 (2017); *Yelder v. United States DOL*, No. 21-3857, [cited as follows:] 2023 BL 78263 (6th Cir. March 09, 2023); *National Mining Association v. United Steel Workers*, 985 F.3d 1309 (11th Cir. 2021) ("*NMA v. USW*"); and *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994 (8th Cir. 1993). The Unions fail to present these cases within the framework of the legal standard for reviewing whether a prior panel decision in the same case should be reconsidered, *see Liberty Mut. Ins. Co.*, 4 F.3d at 571, *McCuen*, 946 F.2d at 1403-1404, but to be sure, none these cases are "intervening controlling authority," and all are distinguishable from the present case.

5

To start, none of the four cases are "intervening." The most recent, *Yelder*, was issued in 2023. *NMA v. USW* was issued in 2021, *Hamer* was issued in 2017, and *Mille Lacs* was issued in 1993. Accordingly, none of these cases would justify disturbing the Order Denying Intervention on the basis that "*intervening* controlling authority has reached a contrary decision." *Liberty,* 4 F.3d at 571 (emphasis added).

Additionally, *Yelder* and *NMA v. USW* are not "controlling" decisions. Those orders, which were issued by the Sixth and Eleventh Circuits, respectively, are not controlling in the Eighth Circuit. *Howard v. City of Sedalia, Missouri*, 103 F.4th 536, 542 (8th Cir. 2024) (out-of-circuit precedent is non-binding).

Furthermore, the Unions fail to establish that any of the four cases "reached a contrary decision," *Liberty Mut. Ins. Co.*, 4 F.3d at 571, relative to this Court's Order Denying Intervention, which did not articulate specific grounds for denying the Unions' motion. For example, the Unions cite to *Yelder*, *NMA v. USW*, and *Hamer* for the proposition that a court may grant a motion for intervention even after the 30-day deadline provided by the Federal Rule of Appellate Procedure (FRAP) 15(d) for filing such motions has expired. Unions' Motion for Reconsideration, 4-6 ("…the Unions have

6

presented multiple cases in which a Court has granted a motion for intervention filed outside the 30-day window."). But, even accepting that notion *arguendo*, those cases are not "contrary" to the Order Denying Intervention, which did not make any particular finding or ruling with respect to the timeliness of the Unions' motion to intervene.

Even assuming *arguendo* that the Court denied the Unions' motion on timeliness grounds, the Unions' reliance on *Yelder*, *NMA v. USW*, and *Hamer* would still be unmoving. The Unions' Motion for Reconsideration contains merely a citation to *Yelder*, but the Unions do not even describe the facts of *Yelder*, much less analyze any facts compared to the present case. The Unions' bare citation to *Yelder*, to the extent that case is applicable at all, is unpersuasive and should be disregarded.

The Unions likewise cite to *NMA v. USW* without any analysis, relying only on a footnote to the majority's opinion that simply acknowledged that the United Mine Workers' and United Steel Workers' motions to intervene were granted "before oral arguments were held." Unions' Motion for Reconsideration, 6. Yet there is nothing in the Eleventh Circuit's opinion that discusses *why* the Court permitted intervention in that case, and thus there is nothing this Court can glean from the Eleventh Circuit's decision in

*NMA v. USW* that would be helpful in reconsidering the Court's Order Denying Intervention.

The Unions cite to the Supreme Court's decision in *Hamer* for the proposition that FRAP 15(d) is not "jurisdictional," but rather, a "claim-processing rule[] subject to forfeiture, waiver, and equitable exceptions." Unions' Motion for Reconsideration, 4, note 4. The Unions' reliance on *Hamer* is misplaced for two reasons. First, *Hamer* is distinguishable from the present case. Second, *Hamer* does not *automatically* mean that the Unions should be allowed to intervene in this case.

*Hamer* addressed FRAP 4(a)(5)(C), not FRAP 15(d). FRAP 4(a)(5)(C) deals with notices of appeal from the district court, which contains a built-in mechanism for an extension of time—indeed, the section of the rule is entitled "Motion for Extension of Time." On the other hand, FRAP 15(d), addressing intervention in the court of appeals, contains no such built-in provision for extending the 30-day time period. *Hamer*, therefore, is not directly applicable to the instant motion, let alone does it compel this Court to grant the Unions' Motion to Intervene and revisit the Order Denying Intervention.

And, even if *Hamer* indicates that FRAP 15(d) is a claim-processing rule, it does not follow that the Court was obliged to accept the Unions' motion to intervene. Even assuming *arguendo* that the Court could have accepted the Unions' late-filed motion to intervene, neither *Hamer* nor any other cases to which the Unions cite indicate that the Court was obliged to, or even should have, accepted the Unions' late-filed motion here.

Fundamentally, the Unions' Motion for Reconsideration merely rehashes the unremarkable proposition that the Court *could have* granted intervention, but the Unions fall far short of establishing that intervening controlling authority *requires* the Court to grant intervention here. The Unions' Motion for Reconsideration, therefore, should be denied.

### B. The Unions Have Not Shown Clear Error in This Court's Order Denying Intervention that, If Permitted to Stand, Would Cause Manifest Injustice

The Unions also do not locate any clear error in the Order Denying Intervention that would result in manifest injustice if uncorrected. To start, although the Unions reiterate their standing argument and assert that the parties will not be prejudiced by their intervention, Unions' Motion for Reconsideration, 10, 13-14, they are silent on whether their participation as intervenors will redress the Unions' alleged injury. The Court's Order

9

Denying Intervention implicitly rejected that it would redress the Unions' injury, and standing alone, this was sufficient grounds for the Court to deny intervention in the first place. It remains sufficient grounds for denying the Unions' Motion for Reconsideration.

In addition, the Unions' baseless challenges to the Secretary's motives do not establish clear error. The Unions fail to articulate a factual basis for their claims that "MSHA itself is jointly responsible for significant delays in this litigation," that MSHA's arguments are "undermined by its own conduct," and that "MSHA's misapprehension or misrepresentation of the significance of its own actions should not be persuasive here." Unions' Motion for Reconsideration, 12-15. Such accusations are similar to those asserted in the Unions' initial motion for leave to intervene, and in either pleading, they were neither substantiated nor sufficient to establish standing. Plainly, mere repetition of previously rejected assertions does not establish that the Court committed clear error that would warrant disturbing the law of the case.

The Unions also fail to locate clear error in the Order Denying Intervention when they recast their argument that the Secretary, in their view, does not adequately represent their interest. Unions' Motion for Reconsideration, 6-10. In support of this argument, the Unions cite to *Mille*

*Lacs Band of Chippewa Indians*, 989 F.2d 994, a 1993 case from the Eighth Circuit that does not appear in their original motion for leave to intervene. In discussing the applicability of *Mille Lacs*, the Unions argue that their "interests are more specific than the general public interest" and that "the general public does not work in mines and is not exposed to silica dust," and, therefore, the Secretary cannot represent their interests. Unions' Motion for Reconsideration, 9. In this case, however, the "general public interest" is not the proper comparator, *Mille Lacs* is distinguishable, and *Mille Lacs* is not intervening authority.

Here, the Secretary promulgated the Silica Rule in light of her statutory mandate ensconced in the Department of Labor's Organic Act of 1913:

> …The purpose of the Department of Labor shall be to foster, promote, and develop the welfare of the wage earners of the United States, *to improve their working conditions,* and to advance their opportunities for profitable employment….

29 U.S.C. 551 (emphasis added). The Silica Rule was specifically promulgated under the Mine Act, an express purpose of which is for the Secretary "…to develop and promulgate improved mandatory health or safety standards *to protect the health and safety of the Nation's coal or other miners*…." 30 U.S.C. § 801(g)(1) (emphasis added); *see also id.* at § 811(a) (providing authority to "develop, promulgate, and revise as may be

11

appropriate, improved mandatory health or safety standards for the protection of life and prevention of injuries in coal or other mines"). Given this statutory mandate, the Secretary's interests certainly "coincide" with the Unions' interests. See *Chiglo v. City of Preston*, 104 F.3d 185, 187-188 (8th Cir. 1997).

*Mille Lacs* does not change this conclusion. In *Mille Lacs*, the Court considered whether a district court erred in denying motions by various political subdivisions and private property land owners to intervene in a suit brought by the Mille Lacs Band of Chippewa Indians against the State of Minnesota. *Mille Lacs*, 989 F.2d at 996, 998-99. In contrast to the mix of interests at play in *Mille Lacs,* the Secretary's interests—established by statute—align with the Unions' interests, and thus the Unions' "burden of demonstrating inadequate representation is higher." *Id*. at 1000. The Unions have not met this burden. As discussed above, and in the Secretary's previous pleadings, the Secretary's interests coincide with the Unions' interests, and the Unions' baseless accusations do not change that fact. The Unions, therefore, have not made a "strong showing of inadequate representation" by the Secretary, *Little Rock Scho. Dist. v. N. Little Rock Sch.*

*Dist.*, 378 F.3d 774, 780 (8th Cir. 2004), and the Court did not commit clear error, resulting in manifest injustice, by declining to find otherwise.

## III. Conclusion

The Court rightly denied the Unions' motion to intervene, and the Unions' Motion for Reconsideration offers no compelling reason to disturb the Court's decision. No new controlling case law has intervened and the Court did not err in rejecting the Unions' motion, let alone commit clear error that would result in manifest injustice if left uncorrected. Accordingly, the Court should deny the Unions' Motion for Reconsideration.

    Respectfully submitted,

    JONATHAN L. SNARE
    Acting Solicitor of Labor

    THOMAS A. PAIGE
    Acting Associate Solicitor

    s/ BRAD J. MANTEL
    Counsel for Standards & Legal Advice
    U.S. Department of Labor
    Office of the Solicitor
    Division of Mine Safety & Health
    200 Constitution Avenue NW
    Suite N4420-N4430
    Washington, DC 20210
    (202) 693-9331

Attorneys for MSHA and the
Secretary of Labor

## Certificate of Compliance

This document complies with Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Equity using Microsoft Word.

This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 2,292 words.

Counsel also certifies that this motion has been scanned for viruses and is virus-free.

s/ Brad J. Mantel

## Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on May 27, 2025, and registered users will be served via the CM/ECF system.

Keith Bradley
Peter S. Gould
Kayala Marie Mendez
Morgan Miller
Trevor Piouz Kehrer
Squire Patton Boggs, LLP

Aaron R. Gelb
Kathryn M. McMahon
Mark M. Trapp
Conn Maciel Carey, LLP

Kevin F. Fagan
Hill Pickens
United Mine Workers of America

David Jury
Keren Wheeler
United Steelworkers

                                              s/ Brad J. Mantel