United States Court of Appeals
for the Eighth Circuit

| | |
|---|---|
| NATIONAL STONE, SAND AND GRAVEL ASSOCIATION, ET AL.,<br>*Petitioners*,<br><br>v.<br><br>MINE SAFETY & HEALTH ADMINISTRATION, ET AL.,<br>*Respondents*. | No. 24-2661 |

**PETITIONERS' OPPOSITION TO UNIONS' MOTION FOR RECONSIDERATION**

The United Mine Workers of America and the United Steel union[1] (collectively, for brevity, "UMWA") filed a motion to intervene of 4,800-plus words; petitioners filed a substantial opposition brief, Doc. 5510172 ("Pet. Opp."), and so did respondent ("MSHA"), Doc. 5510175. Six days after these thorough briefs, the Court, through a motions panel, denied UMWA's request to intervene. Doc. 5511598. UMWA complains that the Court did not wait for UMWA's reply. Doc. 5516785, p.2 ("UMWA Reconsideration Mot."). But UMWA offers nothing to refute the grounds that petitioners gave for denying the motion to intervene. It

---

[1] Its full name is United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC.

1

remains true that UMWA's motion to intervene was untimely by many months, and UMWA still has not offered (or shown) good cause justifying an untimely intervention. It remains true that MSHA adequately represents UMWA's interests. And UMWA's untimely intervention would, indeed, prejudice petitioners. UMWA's insistence that it would not depends on an assumption that UMWA would only be duplicating MSHA's arguments—a proposition that confirms UMWA is already adequately represented.

Even more troubling, UMWA does not acknowledge, much less attempt to satisfy, the standards for reconsideration. It forces petitioners to relitigate arguments that have already been addressed and adjudicated—and anything new in UMWA's Reconsideration Motion should have been in its motion to intervene in the first place.

## BACKGROUND

For the Court's convenience, petitioners repeat here the key procedural history already recounted in their opposition to the Motion to Intervene. Respondent MSHA published the rule under review (the "Silica Rule") over a year ago. 89 Fed. Reg. 28,218 (Apr. 18, 2024). Petitioner Sorptive Minerals Institute ("SMI") started this case 11 days later by petitioning this Court for direct review of the Rule. Doc. 5388294 (Apr. 29, 2024). Under the governing statute, 30 U.S.C. § 811(d), such a petition is the exclusive path for a challenge to an MSHA health and safety standard. And the petition must be filed within 60 days of the standard's

2

promulgation. *Id.* NSSGA Petitioners timely filed their petition on June 12, 2024, in the Fifth Circuit; that court subsequently transferred the petition to this Court pursuant to 28 U.S.C. § 2112.

SMI and the NSSGA Petitioners filed their respective opening briefs on November 22, 2024. Docs. 5459824, 5459828. MSHA submitted its answer brief on January 17, 2025. On February 19, 2025, UMWA (with the National Black Lung Association)—filed an amicus brief discussing only one issue, namely the "central contention raised in the opening brief filed by [SMI]" that a Mine Act regulation must be premised on a "significant risk." Doc. 5487074, p.4 ("UMWA Amicus Br.").

On April 14, 2025, three days after the Court granted a stay of the Silica Rule pending judicial review, UMWA moved to intervene. Doc. 5506285 ("UMWA Intervention Mot."). The Court denied that motion on April 30, 2025. Doc. 5511598.

**LEGAL STANDARD**

A decision by a motions panel is "the law of the case, ordinarily to be adhered to in the absence of clear error or manifest injustice."[2] Rule 27 allows a more

---

[2] *McCuen v. Am. Cas. Co. of Reading, Pa.*, 946 F.2d 1401, 1403 (8th Cir. 1991). This Court later established an exception allowing a merits panel to decide afresh whether the Court has subject-matter jurisdiction even though a motions panel has denied a motion to dismiss for lack of jurisdiction. *Nordgren v. Hennepin County*, 96 F.4th 1072, 1076-77 (8th Cir. 2024). But the general proposition that a motions

3

generous standard for reconsideration in two circumstances: when a court has acted on a "procedural order … without waiting for a response," and when a "single judge" has acted. Fed. R. App. P. 27(b). Neither circumstance is present here. The Court's rules do not permit a single judge to act on a motion to intervene, 8th Cir. R. 27A(c); and UMWA's prior motion was a substantive motion, not a procedural motion, on which the Court received responses.

## ARGUMENT

UMWA does not mention the applicable standard for reconsidering the Court's prior decision, and certainly does not attempt to satisfy it. That UMWA disagrees is not a reason to depart from what a panel of this Court has already decided. UMWA must show "clear error" or "manifest injustice." *McCuen*, 946 F.2d at 1403. It cannot be clear error or manifest injustice to deny a motion to intervene that was filed nearly a year later than the deadline specified in the rules, without any effort by the movant to show good cause—and UMWA makes no such attempt even now. It cannot be clear error or manifest injustice to deny intervention to a party that insists it has nothing to say beyond what MSHA itself has said.

---

panel can establish the law of the case remains valid. *E.g.*, *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997) (holding "law of the case" doctrine from a motions panel decision on a motion to dismiss deprived a merits panel of a decision whether Rule 54(b) certification was adequate); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) (denial of motion to dismiss is not law of the case obligating merits panel to exercise jurisdiction, but dismissal by a motions panel is law of the case).

4

## I. UMWA'S MOTION WAS UNTIMELY.

Rule 15 sets a deadline for intervening in a direct agency review case like this one, and UMWA missed that deadline by 10 months. Pet. Opp. 5. UMWA erroneously suggested that timeliness should be a holistic assessment of the state of the case, and UMWA did not offer any argument about why it should qualify for an extension of the deadline. *Id.* at 5-9.

Now, UMWA reiterates that Rule 15(d) is not a jurisdictional limitation on intervention, and it cites two other cases (beyond the two it had mentioned in its original motion, both of which petitioners showed are quite inapposite) in which courts allowed untimely intervention. UMWA Reconsideration Mot. 5-6. One of UMWA's new examples, *Yelder v. United States DOL*, No. 21-3857 (6th Cir. Mar. 9, 2023), is a striking example of an intervenor's showing good cause. There, the petitioner, an employee, was challenging an agency's adjudication of his dispute with his employer. That employer moved to intervene several months after the Rule 15(d) deadline and acknowledged its untimeliness. Mot. to Intervene, *Yelder v. U.S. Dep't of Labor*, No. 21-3857, Doc. 22 (6th Cir. May 2, 2022). The employer showed it could not have moved earlier because the petitioner had, in violation of Rule 15(c), not served the petition on the employer; and the employer had moved swiftly to intervene immediately after it first learned of the petition. *Id.* UMWA, by contrast, knew about this case from the beginning, and chose not to intervene.

5

And unlike the *Yelder* intervenor, UMWA still does not even try to present any good cause for its delay.

UMWA's second new example is a case in which the Eleventh Circuit allowed UMWA to intervene after the briefing and before oral argument. UMWA Reconsideration Mot. 6. The invocation of this case is itself a reason to deny reconsideration. If UMWA thought this example informative, it could have presented the case in its original motion. UMWA was surely aware of the case, because, as UMWA now tells the court, UMWA itself was the intervenor. *Id.* "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). Moreover, UMWA tells the Court nothing about that other case, beyond the timing. UMWA does not say what the good cause for the delay might have been, and does not make any argument to show this case should be treated similarly other than that UMWA wants to participate in this one too. So far as can be gleaned from UMWA's motion, the Eleventh Circuit example shows only that an untimely motion to intervene can be granted in certain circumstances—a proposition that petitioners had not even disputed.

That a court *can* grant an untimely motion to intervene is beside the point. UMWA has done nothing—neither in its Motion to Intervene nor in its Motion for

6

Reconsideration—to show that this Court *should* allow it here.[3]

UMWA thus does not respond to the sound reasons that petitioners gave for denying the Motion to Intervene, and fails to show that denial of that Motion was clearly erroneous or manifestly unjust.

## II. MSHA ADEQUATELY REPRESENTS UMWA'S INTERESTS.

Petitioners previously pointed out that "when one of the parties is an arm or agency of the government, and the case concerns a matter of 'sovereign interest,' … the government is 'presumed to represent the interests of all its citizens.'" Pet. Opp. 9 (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996)). And petitioners explained that MSHA has not engaged in any malfeasance or neglect of duty to defeat that presumption. Pet. Opp. 9-10. UMWA effectively concedes that petitioners were correct; it makes no argument to overcome the presumption. UMWA Reconsideration Mot. 8-10. Instead, UMWA insists the presumption does not apply because miners are only a subset of the public. UMWA

---

[3] UMWA suggests that when a movant has breached Rule 15(d), a circuit court "may turn to the principles of timeliness articulated by the Supreme Court under FRCP 24." UMWA Reconsideration Mot. 6. The case that UMWA cites (*Cameron v. EMW Women's Surgical Center*, 595 U.S. 267 (2022)) arose under Federal Rule of Civil Procedure 24, and was not a direct-review case involving Rule 15(d). In fact, *Cameron* noted that a holistic assessment was permissible precisely because Rule 15(d) did not apply. 595 U.S. at 276-77. UMWA cites zero authority for its novel suggestion that whenever Rule 15(d) would bar an intervention due to its being untimely, the Rule 24 "principles" supplant the Rule. Petitioners said previously that UMWA's approach would eviscerate Rule 15(d). Pet. Opp. 1, 5-6. UMWA's Motion for Reconsideration proves they were correct.

7

Reconsideration Mot. 9.

The case on which UMWA relies, *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994 (8th Cir. 1993), does not support that theory; and if UMWA were correct, the presumption of adequate representation would effectively disappear. *Mille Lacs* involved a lawsuit by a tribe seeking to enforce asserted treaty rights for tribal members to hunt and fish regardless of state regulations. The court held that particular landowners were allowed to intervene because some hunting would take place on their land, and would reduce their property values. 989 F.2d at 998. The State had an overall sovereign interest in fish and game as "public natural resources," but the court characterized the landowners' interests in their property values as "narrower and more parochial," "local and individual interests." *Id.* at 1000-01. UMWA extrapolates that any time an intervenor has an interest that does not cover the entire public, the presumption of adequate representation falls away. UMWA Reconsideration Mot. 9. *Mille Lacs* does not stretch that far.

UMWA observes that the overall public interest includes miners' families, mining operators, and the economy as a whole. *Id.* at 9. Therefore, UMWA says, miners are not the entire public, so there is no presumption that MSHA represents their interests. *Id.* That theory would eliminate the presumption, because the only time the presumption could apply under UMWA's concept is when an intervenor represents the entire public. But such an intervenor could not have standing

8

justifying intervention, because an injury giving rise to standing "must affect" a party "'in a personal and individual way' and not be a generalized grievance." *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 381 (2024).

Indeed, under UMWA's theory, *Chiglo v. City of Preston*, 104 F.3d 185 (8th Cir. 1997), was decided incorrectly. The proposed intervenors wanted to protect children from smoking, which was "squarely within the City's interest in protecting public health." 104 F.3d at 188. But a city government also has an interest in fostering economic growth, and in that sense the interests of the plaintiff (a small-business owner challenging an ordinance limiting tobacco advertising) were also among the city's interests. On UMWA's theory an intervenor would have had to represent that interest too, before the intervenor would be considered the "public" subject to the presumption of adequate representation.

In reality, *Chiglo* and *Mille Lacs* already refute UMWA's novel contention. *Mille Lacs* applies when the government "would be shirking its duty were it to advance this narrower interest at the expense of its representation of the public interest." 989 F.2d at 1000 (citation omitted). UMWA certainly does not claim it would be improper for MSHA to defend the Silica Rule for the (asserted) sake of miners' health. By contrast, UMWA's stated interest—protecting the health and safety of miners against asserted risks from silica—is "squarely within the [agency's] interest in protecting public health," 104 F.3d at 188.

9

## III. INTERVENTION BY UMWA WOULD PREJUDICE PETITIONERS.

Petitioners objected that UMWA's participation in oral argument would be prejudicial because UMWA has not articulated any arguments on the issues that NSSGA Petitioners raised, nor even about all of SMI's arguments. Pet. Opp. 12. UMWA now says that it has expressed a position, by stating in its amicus brief that it agrees with "the reasons set forth in the Respondents' Brief." UMWA Reconsideration Mot. 12. If UMWA has nothing to say other than exactly what MSHA has already said—positions that MSHA has not withdrawn or disavowed—then UMWA cannot claim to be inadequately represented, and there is no need for UMWA to participate in oral argument. Petitioners made this observation in their opposition to UMWA's Motion to Intervene. Pet. Opp. 12. UMWA does not respond, *cf.* UMWA Reconsideration Mot. 12, so yet again it has not shown there was clear error or manifest injustice in denying intervention on this basis.

If, on the other hand, UMWA is inadequately represented as it insists, then it must intend to present some viewpoint or argument distinct from MSHA's. UMWA now promises that it will not, itself, ask for more briefing. UMWA Reconsideration Mot. 10-11. But petitioners pointed out that they might need to ask for supplemental briefing to learn what UMWA's different views are. Pet. Opp. 13. That briefing would be prejudicial, *id.*, and UMWA does not respond to that objection either.

10

## IV. PERMISSIVE INTERVENTION WOULD BE IMPROPER.

Petitioners explained why UMWA cannot qualify for permissive intervention. Pet. Opp. 14. UMWA does not seek reconsideration on this point.

## CONCLUSION

UMWA's Motion for Reconsideration should be denied.

May 27, 2025

Respectfully submitted,

*/s/ Keith Bradley*
KEITH BRADLEY
PETER S. GOULD
KAYLA MARIE MENDEZ
717 17th Street, Suite 1825
Denver, CO 80202
T: (303) 830-1776
F: (303) 894-9239
keith.bradley@squirepb.com
peter.gould@squirepb.com
kayla.mendez@squirepb.com

MORGAN MILLER
2550 M Street NW
Washington, DC 20037
morgan.miller@squirepb.com

TREVOR PIROUZ KEHRER
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
trevor.kehrer@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

*Counsel for National Stone, Sand & Gravel Association, et al.*

/s/ Kathryn McMahon
MARK M. TRAPP
KATHRYN MCMAHON
53 West Jackson Blvd, Suite 1352
Chicago, IL 60604
T: (312) 809-8122
mtrapp@conmaciel.com
kmcmahon@connmaciel.com

CONN MACIEL CAREY LLP

*Counsel for Sorptive Minerals Institute and Blue Mountain Production Company*

# CERTIFICATE OF COMPLIANCE

In compliance with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,431 words, as determined by the word-count function of Microsoft Office 365.

In compliance with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), counsel prepared this document in 14-point Times New Roman font using Microsoft Office 365.

                                                  */s/ Keith Bradley*
                                                  Keith Bradley

## Certificate of Service

I certify that on May 27, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. All parties are represented by counsel who are registered CM/ECF users.

*/s/ Keith Bradley*
Keith Bradley
